JOHN E. WATERHOUSE, Appellee, v. CITY OF WATERLOO, Appellant.

**Municipal corporations:** DEFECTIVE STREETS: PERSONAL INJURY: PROXIMATE CAUSE. Plaintiff was injured by being thrown from his motorcycle upon striking some obstruction in the street pavement, and the evidence is held sufficient to require submission of the question of proximate cause, and to sustain a finding that a pipe protruding from the pavement was the proximate cause of plaintiff's injury.

*Appeal from Black Hawk District Court.*—HON. CHARLES E. RANSIER, Judge.

SATURDAY, MARCH 14, 1914.

ACTION for personal injuries resulting from alleged defects in one of the streets of the defendant city. There was a verdict and judgment for the plaintiff, and the defendant appeals.—*Affirmed.*

*James I. Kenyon* and *Williams & Clark,* for appellant.

*Loren N. Risk* and *Edwards & Longley,* for appellee.

EVANS, J.—The only question presented for our consideration is whether there was sufficient evidence as to the proximate cause of the injury to sustain the verdict. The accident happened on the intersection of Lane street and Independence avenue. Independence avenue, including the intersection, was paved. The plaintiff approached the intersection along Lane street from the north, riding upon a motorcycle. Lane street was not paved, but was covered with sand, which retarded the progress of the motorcycle. The plaintiff came upon the pavement while moving slowly upon his motorcycle, and started west along Independence avenue, when he struck some obstruction which stopped his wheel and threw him forward upon the pavement. There was at that place a pipe which protruded through the pavement two and a half inches above the surface. It was the only obstruction discoverable. When the motorcycle was picked up after the accident, its front wheel was close to such pipe.

The action is predicated upon the theory that such protruding pipe was the obstruction which caused the accident. The one contention of appellant is that the proof at this point is insufficient to submit to the jury. The plaintiff testified as follows: "As soon as I got on the asphalt pavement, I went to turn and go up Independence avenue, and as I turned something caught in the wheel and threw me. After I was thrown, made an examination, and there was nothing in the

street which could have thrown me off except the pipe in the street." On cross-examination, he also said: "I did not know I had hit the pipe until I got up and looked around." On cross-examination he testified: "I cannot say whether I struck the pipe squarely. I did not know I hit it until I got up. I did not know whether I hit the pipe at all until I got up and looked around. All I know is I struck something and was thrown from the motorcycle to the pavement."

It is undisputed that the front wheel of the motorcycle was close to the pipe in question when first picked up. Appellant argues that this is proof conclusive that the pipe could not have been the cause of the accident, because the momentum of the motorcycle must have carried it some distance beyond the pipe after the collision. But the defendant's own witness, Gilly, testified that the machine did not advance any after the plaintiff was thrown.

The evidence was abundant to justify a finding by the jury that plaintiff was thrown by reason of some obstruction in the way of the wheel. It is undisputed that there was no other obstruction than the one mentioned, nor is there any other reasonable explanation of the accident than that upon which the action is predicated. We think the question was clearly one for the jury.

Appellant relies upon *Tobin v. Waterloo,* 131 Iowa, 79, and contends that the holding in that case is decisive of this. But we think otherwise. No other question is presented for our consideration.

The judgment below must therefore be—*Affirmed.*

LADD, C. J., and WEAVER and PRESTON, JJ., concur.